UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: ) | Bankr. Case No. 06-10121 |
| ) | Chapter 7 |
| DOROTHY M. YOUNG, ) | |
| ) | REAFFIRMATION AGREEMENT |
| Debtor. ) | WITH FORD MOTOR CREDIT COMPANY |
| ) | |

PART A: DISCLOSURE STATEMENT

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

*Summary of Reaffirmation Agreement.* This Summary is made pursuant to the requirements of the Bankruptcy Code.

| AMOUNT REAFFIRMED: | ANNUAL PERCENTAGE RATE: |
|---|---|
| $9,970.54 | 11.49% |
| This is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure statement. Consult your credit agreement.  The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:  Attorney Fees: $0  Costs:         $0 | |

*Consumer Disclosure: Security Interest*

A security interest of lien in goods or property is asserted over the debt that you are reaffirming. The items subject to this security interest are:

*Items:* 2004 Ford Focus; VIN 1FAFP34394W156235     *Original Purchase Price:* $14,945.00

REPAYMENT SCHEDULE

Your first payment in the amount of $330.16 is due on January 10, 2007, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement as applicable.

Your payment schedule will consist of approximately 33 additional payments in the amount of $330.16 to be made on the 10th of every month starting January 10, 2007.

**NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who

Account No.: 36887067

helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.**

1.      Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a security agreement you and your creditor agree on).

2.      Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3.      If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4.      If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5.      The original of this disclosure statement must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6.      If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7.      If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT. You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, which ever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THIS DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or

Account No.: 36887067

security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the Trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## PART B: REAFFIRMATION AGREEMENT

I/we (hereinafter "I" shall refer to debtor and co-debtor) agree to reaffirm the debts arising under the credit agreement described below.

---

**BRIEF DESCRIPTION OF CREDIT AGREEMENT:**

Contract Date: April 26, 2004;      Vehicle Make/Model/Year: 2004 Ford Focus

Account No.: 36887067;

FOR THE ANNUAL PERCENTAGE RATE AND AMOUNT REAFFIRMED, SEE THE DISCLOSURE STATEMENT IN PART A.

---

I agree to reaffirm the Credit Agreement described above and agree to be bound by all the terms and conditions of the Credit Agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" DISCLOSED IN PART A. I agree to pay the "AMOUNT REAFFIRMED" DISCLOSED IN PART A. I agree to make monthly payments as described in the REPAYMENT SCHEDULE DISCLOSED IN PART A each month until the debt has been satisfied. I waive any defense that I have to the indebtedness due under the Credit Agreement described above by reason of my bankruptcy or otherwise.

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:**
None.

Payments on this debt were in default on the date on which this bankruptcy was filed. I agree to cure arrearages of $ 700.00 (est) as follows: $50.00 per month
N/A

**IF YOU DECIDE TO EXERCISE YOUR RIGHT TO RESCIND THIS REAFFIRMATION AGREEMENT THE NOTICE OF RESCISSION MAY BE SENT TO THE CREDITOR AT THE FOLLOWING ADDRESS:**

Amy M. Ross
Davenport, Evans, Hurwitz & Smith, L.L.P.
206 W. 14th Street
Sioux Falls, SD 57104

Account No.: 36887067

Date of Borrower/Co-Borrower Signature: __2-26-07__

Signature: __Dorothy Young__                          _____
               Borrower (Debtor)                              Co-borrower (Co-Debtor)

Accepted by Creditor by Attorney or Agent for Creditor: _____
Amy M. Ross
Davenport, Evans, Hurwitz & Smith, L.L.P.
206 W. 14th Street
P.O. Box 1030
Sioux Falls, SD 57104
Telephone: (605) 336-2880
Fax: (605) 335-3639
Email: aross@dehs.com
   *Attorney for Ford Motor Credit Company*

Date of Creditor Acceptance: __2/27/07__

## PART C: CERTIFICATION OF DEBTOR'S ATTORNEY

I hereby certify that:

1) This agreement represents a fully informed and voluntary agreement by the debtor,
2) This agreement does not impose an undue hardship on the Debtor or any dependent of the debtor; and
3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

If a presumption of undue hardship has been established with respect to this agreement I am of the opinion that the debtor is able to make the payments as specified in this reaffirmation agreement.

Signature of Debtor's Attorney: _____ Date: __2-26-07__
David J. Fransen
P.O. Box 1433
Aberdeen, SD 57402

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1.    I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $__1,538.77__, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $__1,919.00__, leaving $__380.23__ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here:

_____
_____
_____
_____

Account No.: 36887067

2.     Rule 4008 Comparison of Net Monthly Income and Current Monthly Expenses as listed in this Reaffirmation Agreement with Net Monthly Income and Current Monthly Expenses as stated in Schedules I and J:

The total net monthly income (take home pay plus any other income received) as stated on my Schedule I is $ 1,538.77 , and the total monthly expenses as listed on Schedule J is $ 1,557.00 .

These amounts are (check one):

[✓]   the same as the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k), or

[ ]   different from the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k). If different, the Debtor(s) must include an explanation of any difference here:

3.     I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtor's Signature: _Dorothy Young_    Date: _2-26-07_

Co-Debtor's Signature: _____    Date: _____

Account No.: 36887067